UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CHESTER LEE HILL,**

       Petitioner,

    v.                Case No. 06-C-259

**PHIL KINGSTON,**

       Respondent.

**DECISION AND ORDER ON THE HABEAS CORPUS PETITION**

  Petitioner Chester Lee Hill ("Hill") is a prisoner incarcerated pursuant to a Wisconsin state court judgment and, proceeding pro se, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Hill was charged in Milwaukee County Circuit Court with two counts of armed robbery, two counts of kidnapping, and three counts of first-degree sexual assault. Following a jury trial, Hill was convicted on May 24, 1995 of all seven counts. On July 13, 1995, Hill was sentenced to 280 years imprisonment. In an unpublished *per curiam* opinion, the Court of Appeals affirmed Hill's conviction on August 13, 1996 and on November 20, 1996, the Wisconsin Supreme Court denied Hill's petition for review. Hill did not pursue a petition for review by the United States Supreme Court and the ninety-day period for doing so expired on February 18, 1997. The respondent alleges that Hill then filed a motion for sentence modification in November of 1998, which was denied on December 2, 1998, and Hill did not appeal. (Resp't. Mot. to Dismiss ¶ 4.) However, the court is not provided any exhibits to support this assertion. On December 10, 2003, Hill filed motion for

collateral relief pursuant to Wisconsin Statute § 974.06 in Milwaukee County Circuit Court. The circuit court's denial of this motion was affirmed by the Wisconsin Court of Appeals on January 19, 2005. This appeal was concluded on April 27, 2005, when the Wisconsin Supreme Court issued an order dismissing the motion for an extension of time to file a petition for review. This habeas petition was not commenced until March 3, 2006.

This petition was screened in accordance with Rule 4 of the Rules Governing Section 2254 Cases by the Honorable William C. Griesbach and on April 18, 2006, the respondent answered. At the same time, respondent filed a motion to dismiss the petition for untimeliness. On June 5, 2006, Hill filed a motion opposing the respondent's motion to dismiss. This case had previously been transferred to this court when all parties consented to the full jurisdiction of a magistrate judge.

## ANALYSIS

The one-year statute of limitations begins to run under § 2244(d)(1) from the latest of the following: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time to seek review; (2) the date on which the impediment to filing an application is removed, if the impediment is created by state action in violation of the Constitution or laws of the United States and the defendant was prevented from filing by that state action; (3) the date on which the Constitutional right asserted by the petitioner was acknowledged by the Supreme Court and made retroactive to cases on collateral review; or (4) the date on which the factual predicate for the claim or claims could have been discovered through due diligence. Thus, as applied to this case, Hill was required to file a petition for collateral review within one year of February 18, 1997, the deadline for Hill to file a petition for review with the United States Supreme Court. Hill did not file a habeas petition until March 3, 2006. Therefore, Hill's petition is untimely.

In his response opposing the respondent's motion to dismiss, Hill does not present any argument to excuse his failure to timely file his petition. Rather, Hill reargues his substantive claims. Therefore, Hill's petition must be dismissed as untimely.

**IT IS THEREFORE ORDERED** that Hill's petition for a writ of habeas corpus and this case are **dismissed** as untimely pursuant to 28 U.S.C. § 2244(d).

Dated at Milwaukee, Wisconsin, this 17th day of August, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge