# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHESTER LEE HILL,**

        **Petitioner,**

v.                                                         **Case No. 06-C-259**

**PHIL KINGSTON,**

        **Respondent.**

## ORDER

Chester Lee Hill ("Hill") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. He petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. All parties consented to the full jurisdiction of a magistrate judge. On August 17, 2006, this court dismissed Hill's petition as untimely filed. On November 9, 2006, Hill filed a notice of appeal and requested a certificate of appealability.

Before he may proceed on appeal, the petitioner must receive a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Relevant to this case, the Supreme Court has stated that,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 478 (2000). In other words, both a procedural showing and a constitutional showing are necessary to obtain a COA. Id. at 484-85.

This court does not believe that jurists of reason would not find it debatable that Hill failed to timely file his petition. Therefore, this court shall decline to issue a COA. As an additional reason for this court's decision to not issue a COA, the court notes that Hill failed to timely file his notice of appeal. A notice of appeal must be filed within thirty days of when judgment is entered. Fed. R. App. P. 4(a)(1). Therefore, Hill's notice was due September 18, 2006. However, Hill filed his notice nearly two months late.

**IT IS THEREFORE ORDERED** that Hill's request for a certificate of appealability is **denied**.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2006.

BY THE COURT:

s/Aaron E. Goodstein
AARON E. GOODSTEIN
United States Magistrate Judge